IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SAUL SANTOS, JR., | § | |
| *Plaintiff,* | § § § | 5:25-CV-00717-FB-RBF |
| vs. | § § | |
| CULLEN/ FROST BANKERS, INC., | § § § | |
| *Defendant.* | § § § § § | |

**ORDER GRANTING IFP STATUS, ORDERING SERVICE, AND DENYING
APPOINTMENT OF COUNSEL**

Before the Court is pro se Plaintiff Saul Santos's Application to Proceed in District Court Without Prepaying Fees or Costs and attached proposed civil complaint. *See* Dkt. No. 1. Such applications are automatically referred to a magistrate judge for disposition, pursuant to 28 U.S.C. § 636(b) and the June 30, 2025, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed *in Forma Pauperis* for the San Antonio Division of the Western District of Texas. Also before the Court is the related Motion for Appointment of Counsel. *See* Dkt. No. 6.

Having considered the Application and documentation provided by Plaintiff Santos, the Court **GRANTS** the request to proceed *in forma pauperis* ("IFP"), Dkt. No. 1. Moreover, Plaintiff Santos is directed to serve Defendant. However, Plaintiff's Motion for Appointment of Counsel, Dkt. No. 6, is **DENIED WITHOUT PREJUDICE.**

**IFP Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The District Court also generally imposes an administrative fee of $55.00.[1] The Court, however, may waive the initial filing fee and costs where a plaintiff submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners). When evaluating a request to proceed IFP, a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *See Startti v. United State*s, 415 F.2d 1115, 1116 (5th Cir. 1969).

The present Application indicates under penalty of perjury that Plaintiff's take-home pay is $2,588.03 per month. The Application further indicates that Plaintiff has $25.00 in cash and no savings. Plaintiff's monthly expenses for housing, utilities, and other expenses at the time of the Application total $2,800.00. Plaintiff also has debts or financial obligations that total $57,948.19. The Court concludes Plaintiff has sufficiently shown that imposition of the full filing fee would cause an undue financial hardship.

---

[1] *See Fee Schedule*, W.D. TEX., https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Dec. 1, 2023).

Accordingly, **IT IS ORDERED** that Plaintiff Santos' application to proceed without prepaying court fees or costs, Dkt. No. 1, is **GRANTED**.

### Section 1915(e) Analysis

Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant enjoying immunity from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous where there is no arguable legal or factual basis for the claims. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also legally frivolous when the court lacks subject matter jurisdiction over it. *See Bibbs v. Harris*, 578 F. App'x 448 (5th Cir. Aug. 20, 2014); *Nixon v. Attorney Gen. of Tex.*, 537 F. App'x 512 (5th Cir. Jul. 31, 2013).

In evaluating whether a complaint states a claim under § 1915(e)(2)(B)(ii), courts apply the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)). These factual allegations need not be highly detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id*. at 555-56.

The Court has considered the Complaint and confirmed that it raises at least one non-frivolous claim such that service is warranted. Plaintiff has alleged a suit for age discrimination under the Age Discrimination in Employment Act ("ADEA"); discrimination on the basis of race,

national origin, and religion under Title VII of the Civil Rights Act of 1964; disability discrimination under the Americans with Disabilities Act ("ADA"); interference and retaliation under the Family and Medical Leave Act ("FMLA"); and other state law claims. *See* Dkt. No. 1-4. Further, Plaintiff alleges that he administratively exhausted his claims before filing a civil lawsuit in federal court, and Plaintiff attached to the proposed Complaint a right-to-sue letter and Charge of Discrimination. *See* Dkt. Nos. 1-3, 1-4.

Plaintiff must serve Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4, which provides in part that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff may accomplish service by providing the Clerk's Office with a fully completed U.S. Marshal Service Form 285.

### Motion to Appoint Counsel

Plaintiff Santos also requests appointment of counsel in this civil action involving allegations of discrimination in violation of the ADEA, ADA, Title VII of the Civil Rights Act, FMLA, and other state law claims. *See* Dkt. No. 6. In support, Santos alleges that (1) he is unable to financially afford private counsel, as explained in his application to proceed *in forma pauperis*, *see* Dkt. No. 1, and (2) he was unable to secure counsel after contacting three law firms and one legal aid organization, *see* Dkt. No. 6.

The Fifth Circuit considers specific factors for appointment of counsel when the underlying cause of action is a claim under Title VII. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990) ("[T]he District Court should not neglect a highly remedial provision of Title VII itself in considering whether to appoint a lawyer to represent a Title VII plaintiff.") (internal quotation

omitted). "There is no automatic right to the appointment of counsel." *Id.* "Rather, the decision whether to appoint counsel rests within the sound discretion of the trial court." *Id.* As with other civil cases, Title VII authorizes district courts, upon a complainant's motion, to appoint an attorney for a complainant "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1).

Courts consider the following factors in determining whether to appoint an attorney in a Title VII case: (1) the merits of the claims of discrimination, (2) the plaintiff's own efforts to secure private counsel, and (3) the plaintiff's financial ability to retain private counsel. *Gonzalez*, 907 F.2d at 580. No single factor is conclusive. *Id.* Courts also consider the plaintiff's ability under the circumstances of the case to litigate the case without the assistance of an attorney. *See Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166-67 (5th Cir. 1990).

In addition, 28 U.S.C. § 1915 permits a court to appoint counsel when "exceptional" circumstances are present. *Ulcer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). In evaluating whether exceptional circumstances exist, courts consider various factors including the type and complexity of the case and the abilities of the individual pursuing the case. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Consideration of the above-referenced factors counsels against appointment of counsel in this case. At this early stage of the case, there is no indication that extraordinary circumstances exist such that appointment of counsel is warranted.

To be eligible for appointed counsel, a "movant must make a reasonably diligent effort under the circumstances to obtain counsel." *Johnson v. City of Port Arthur*, 892 F. Supp. 835, 840 (E.D. Tex. 1995) (quotations omitted). Santos' Motion indicates that he has contacted three private attorneys including McKinney Law Firm, The Morales Firm, and Lorna Griffin Law Offices who could not represent Santos due to full caseloads. Dkt. No. 6 at 1. Santos also contacted Texas Rio Grande Legal Aid, which declined to represent Santos due to lack of resources. *Id*. The Motion

does not indicate whether Santos contacted local lawyer-referral services. Santos has made some initial efforts to obtain counsel. But he has not exhausted all possible resources. As such, this factor only slightly favors the Court appointing an attorney.

Santos has not sufficiently demonstrated that his financial status inhibits his ability to obtain private counsel. Although Santos has limited savings, he has a monthly take-home salary of $2,588.03. *See Gonzalez*, 907 F.2d at 580 (denying remand for reevaluation by the district court for failure to appoint counsel when the plaintiff had $500 in savings and a take-home salary of $1,650). Furthermore, even if Santos may not be able to afford private counsel, most local private plaintiff employment attorneys take similar cases on a contingent-fee basis. Accordingly, Santos' financial status does not necessarily warrant the Court appointing an attorney at this time.

Finally, although independent of the analysis under Title VII, the Court considers Santos' ability under the circumstances of the case to present the case without the assistance of an attorney. Santos is a college graduate with a degree in marketing communications. *See* Dkt. No. 6 at 2. Based on Santos' education level, he should be able to litigate his case without the assistance of an attorney, which promises to be a difficult but not impossible task for someone of his abilities. *See, e.g.*, *Salmon*, 911 F.2d at 1167 ("Although petitioner adequately demonstrated both his inability to retain counsel and his indigency, the District Court concluded that these findings alone did not merit appointment of counsel, given petitioner's education and demonstrated ability to represent himself. We agree."). To the extent, however, Santos needs additional time to respond to a motion or a Court order, the Court would likely be sympathetic to such a request if properly raised in a motion requesting extension of deadlines.

For these reasons, Plaintiff Santos' Motion for Appointment of Counsel, Dkt. No. 6, is denied without prejudice. If Plaintiff contacts local lawyer-referral services and is still unable to

6

find a lawyer to represent him, such circumstances could support a future Motion for Appointment of Counsel, provided such motion also explains why those lawyers could not represent him. However, as explained above, the appointment of counsel will only be warranted in extraordinary circumstances. At the current time, the nature of this case does not present such extraordinary circumstances. Should the case proceed beyond the preliminary stages and into dispositive motions or the final pretrial phase, a further request for appointed counsel might fare better. At this stage, however, Plaintiff appears sufficiently equipped to continue pro se or retain counsel. As such, Plaintiff Santos' Motion for Appointment of Counsel, Dkt. No. 6, is **DENIED WITHOUT PREJUDICE.**

## Conclusion

**IT IS ORDERED** that Plaintiff Santos' IFP Application, Dkt. No. 1, is **GRANTED**. Plaintiff Santos' proposed complaint shall be filed by the Clerk without prepayment of fees, costs, or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for each Defendant required to be served, and the United States Marshal's Service shall serve each Defendant with a copy of the complaint and a copy of this order by certified mail, return receipt requested.

Plaintiff is further instructed that Plaintiff may register for e-filing. Plaintiff is directed to contact the Office of the District Clerk to obtain the e-filing and e-noticing registration form and to submit the fully completed form to the Clerk. Under standard procedures, the registration form

7

will be processed by the Clerk, who has the responsibility of verifying, approving, and effectuating e-filing and e-noticing of court documents.

IT IS ALSO ORDERED that Plaintiff Santos' Motion to Appoint Counsel, Dkt. No. 6, is DENIED WITHOUT PREJUDICE.

IT IS FINALLY ORDERED that the Clerk shall send a Copy of this Order to Plaintiff Santos by regular mail, and certified mail, return receipt requested.

IT IS SO ORDERED.

SIGNED this 17th day of October, 2025.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE